IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLOS FOXX/FOX                                                                   PETITIONER

V.                                                                      NO. 4:21-CV-31-DMB-DAS

SCOTT MIDDLEBROOKS                                                            RESPONDENT

**ORDER**

On or about February 25, 2021, Carlos Foxx filed a petition in the United States District Court for the Northern District of Mississippi seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Foxx's petition challenges his 2013 convictions in the Circuit Court of Coahoma County, Mississippi.[1] *Id.* at 1.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A second or successive petition is defined as "one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (internal quotation marks omitted). However, a petition is not successive if the earlier petition was "unadjudicated on its merits." *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).

Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district

---

[1] The petition references other convictions in various courts and broadly states that "[a]ll amounted to multiple jeopardy of master manipulations stradegys [sic]." Doc. #1 at 1. But the petition lists only the 2013 convictions as the subject of the challenge. *Id.* To the extent Foxx intended to challenge other convictions, he should notify the Court.

court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. §1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Foxx has filed at least one unsuccessful § 2254 petition challenging the same convictions he seeks to challenge here. *See Foxx v. State of Mississippi*, No. 4:14-cv-85, at Doc. #10 (N.D. Miss. Mar. 24, 2015). That petition was dismissed with prejudice as procedurally barred. *Id*. Accordingly, Foxx's current petition is a successive petition which Foxx has not obtained authorization to file.[2] Therefore, in the interest of justice and judicial economy:

1. The Clerk of the Court shall **TRANSFER** this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(c), and 28 U.S.C. §1631; and

2. This case is **CLOSED**.

**SO ORDERED**, this 19th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The Fifth Circuit previously denied Foxx leave to file a successive petition challenging the convictions at issue here. *See Foxx v. The Attorney General of the State of Mississippi*, No. 4:16-cv-162, at Doc. #10 (N.D. Miss. Mar. 2, 2017).